**United States District Court**
For the Northern District of California

1
2
3
4                        UNITED STATES DISTRICT COURT
5                      NORTHERN DISTRICT OF CALIFORNIA
6
7
8    MALINKA MOYE,
9              Plaintiff,                        No. C 08-2051 PJH
10
11        v.                                     **ORDER OF DISMISSAL**

     VINCE E. COLLINS, et al.,
12
             Defendants.
13   _____/

14        Plaintiff Malinka Moye filed this action on April 21, 2008, and also requested leave to

15   proceed in forma pauperis ("IFP").  The court finds that the complaint must be dismissed

16   under 28 U.S.C. § 1915 (e) for failure to state a claim.

17                                **BACKGROUND**

18        Plaintiff filed this action against fifteen defendants, alleging claims under the

19   Racketeering Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq.; the

20   Uniform Fraudulent Transfer Act of 1996 ("the UFTA") (presumably referring to California

21   Civil Code § 3439, et seq.); and the Uniform Fraudulent Conveyance Act (the predecessor

22   to the Uniform Fraudulent Transfer Act); and also alleging claims of perjury, "organize

23   crime," attempted murder, conspiracy, and "bank and realty fraud."  The complaint alleges

24   no facts in support of plaintiff's claims.

25                                **DISCUSSION**

26   A.  Legal Standard

27        The court may authorize a plaintiff to file an action in federal court without

28   prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is

United States District Court
For the Northern District of California

1   unable to pay such fees or give security therefor.  28 U.S.C. § 1915(a).  When a complaint

2   is filed in forma pauperis, it must be dismissed prior to service of process if it is frivolous or

3   malicious, fails to state a claim, or seeks monetary damages from defendants who are

4   immune from suit.  28 U.S.C. § 1915( e)(2); see also Franklin v. Murphy, 745 F.2d 1221,

5   1226-27 (9th Cir. 1984 ).  A complaint is frivolous for purposes of § 1915(e) if it lacks any

6   arguable basis in fact or in law.  Neitzke v. Williams, 490 U.S. 319, 328- 30 (1989).  A

7   complaint lacks an arguable basis in law only if controlling authority requires a finding that

8   the facts alleged fail to establish an arguable legal claim.  Guti v. INS, 908 F.2d 495, 496

9   (9th Cir. 1990).

10      When a complaint is dismissed under § 1915(e), the plaintiff should be given leave

11  to amend the complaint with directions as to curing its deficiencies, unless it is clear from

12  the face of the complaint that the deficiencies could not be cured by amendment.  Cato v.

13  United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissal of complaint as frivolous).

14  B.   Analysis

15      The court finds that the complaint must be dismissed for failure to state a claim, as it

16  states no facts in support of any of the claims alleged against any of the numerous

17  defendants.

18      First, the complaint fails to state a claim under RICO.  Under 18 U.S.C. 1964(a),

19  "[t]he district courts of the United States shall have jurisdiction to prevent and restrain

20  violations of section 1962 of this chapter by issuing appropriate orders."  Section 1962, in

21  turn, lists activities that are prohibited under RICO.  Plaintiff, however, fails to specify which

22  provision of the RICO statute was violated by any of the defendants.

23      In general, RICO makes it criminal to conduct an enterprise's affairs or obtain

24  benefits through a pattern of "racketeering activity," which is defined as behavior that

25  violates specific federal statutes or state laws that address specified topics and bear

26  specified penalties.  Rotella v. Wood, 528 U.S. 549, 552 (2000).  Section 1961 sets forth

27  the specific " predicate acts" that may constitute "racketeering activity" for a RICO violation.

28  18 U.S.C. § 1961(1).

2

**United States District Court**

For the Northern District of California

1    A "pattern" of racketeering activity requires "at least two acts of racketeering

2  activity."  18 U.S.C. § 1961(5).  Predicate acts extending over a few weeks or months and

3  threatening no future criminal activity do not demonstrate a pattern of racketeering activity.

4  River City Markets, Inc. v. Fleming Foods West, Inc., 960 F.2d 1458, 1464 (9th Cir.1992)

5  (citing H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 242 (1989)).

6    The Act includes a private right of action "by which '[a]ny person injured in his

7  business or property' by a RICO violation" may seek damages and the cost of the suit.

8  Rotella, 528 U.S. at 552 (quoting 18 U.S.C. 1964(c)).  Thus, in order to state a claim under

9  RICO, a plaintiff must allege facts that establish a pattern of racketeering activity based on

10  a minimum of two predicate acts, a criminal enterprise in which the defendants participated,

11  and a causal relationship between the predicate acts and the harm suffered by the plaintiff.

12  See 18 U.S.C. §§ 1961-68, 2314, 2315; Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479,

13  496-97 (1985).

14    The compensable harm that must be alleged is "the harm caused by predicate acts

15  sufficiently related to constitute a pattern."  Sedima, 473 U.S. at 497. The plaintiff must

16  allege injury to his property or injury to a business or property interest of legal value to

17  plaintiff under state law.  Diaz v. Gates, 420 F.3d 897, 899 (9th Cir.2005).  In the present

18  case, plaintiff pleads no facts, let alone the facts required to plead any of the required

19  elements of cause of action under RICO.

20    Second, plaintiff fails to plead facts stating a claim under the UFTA.  Again, because

21  plaintiff alleges no facts, the court can only guess at what plaintiff intended in asserting this

22  claim.  However, regardless of the provision of the UFTA that plaintiff intended to invoke,

23  the gravamen of a claim under the UFTA is fraud.  Where, as here, a complaint fails to

24  allege fraud with particularity, as required under Federal Rule of Civil Procedure 9(b), it

25  must be dismissed for failure to state a claim.  See Vess v. Ciba-Geigy Corp., 317 F.3d

26  1097, 1105-06 (9th Cir. 2003); see also Moore v. Brewster, 96 F.3d 1240, 1245-46 (9th Cir.

27  1996).

28    Third, plaintiff fails to state a claim for civil conspiracy.  Conspiracy is not a cause of

**United States District Court**
For the Northern District of California

1  action.  Rather, it is a legal doctrine that imposes liability on persons who, though not

2  actually committing a tort themselves, share with the immediate tortfeasors a common plan

3  or design in its perpetration.  <u>Applied Equip. Corp. v. Litton Saudi Arabia Ltd.</u>, 7 Cal. 4th

4  503, 510-11 (1994).  Through participation in the conspiracy, each coconspirator adopts as

5  his or her own the torts of the other coconspirators within the ambit of the conspiracy.  <u>Id.</u> at

6  511.

7        Fourth, plaintiff fails to state a claim for "organize crime," attempted murder, or

8  perjury.  These are criminal charges, which cannot be pursued in a civil action.

9  **CONCLUSION**

10        In accordance with the foregoing, the complaint is DISMISSED.  The request for

11  leave to proceed IFP is DENIED.

12        The dismissal is with leave to amend.  Any amended complaint must state facts, as

13  to each defendant, supporting the elements of each cause of action.  Any amended

14  complaint must be filed no later than May 23, 2008.  Failure to file an amended complaint

15  by that date will result in dismissal of the action.

16  **IT IS SO ORDERED.**

17  Dated:  April 23, 2008

18  _____

19  PHYLLIS J. HAMILTON
   United States District Judge

20

21

22

23

24

25

26

27

28

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


MALINKA MOYE,

           Plaintiff,

  v.

VINCE E COLLINS et al,

           Defendants.

_____/

Case Number: CV08-02051 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 23, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Malinka Moye
40. 42. Parson Street
San Francisco, CA 94118

Dated: April 23, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk